NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-10344 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-08065-DLR-1 |
| v. | |
| EAGLES DENASHU BEGAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-10345 |
| Plaintiff-Appellee, | D.C. Nos. 3:17-cr-08180-DLR-1 |
| v. | 3:17-cr-08180-DLR |
| EAGLES DENASHU BEGAY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 19, 2024[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before:  FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Appellant Eagles Denashu Begay was sentenced to 105 months' imprisonment and 36 months of supervised release after pleading guilty to Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841. Begay was also sentenced to 18 months' imprisonment, to be served consecutively, for violating terms of a prior sentence of supervised release. As part of Begay's plea agreement, he signed an appellate waiver which preserved his right to appeal based on ineffective assistance of counsel. On direct appeal, Begay claims that he received ineffective assistance of counsel, and that two of his newly imposed conditions of supervised release violate our decision in *United States v. Nishida*, 53 F.4th 1144 (9th Cir. 2022).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a defendant has received ineffective assistance of counsel. *See United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013). We review ineffective assistance of counsel claims on direct appeal only where: (1) "the record on appeal is sufficiently developed to permit determination of the issue," or (2) "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to

2

counsel."[1] *Id.* Where a defendant does not object to a supervised release condition before the district court, we review for plain error. *Nishida*, 53 F.4th at 1150. We affirm in part, vacate in part, and remand in part.

First, Begay argues that he received ineffective assistance of counsel because his attorney failed to argue at sentencing that Begay did not "illegally possess" seven of the fourteen privately manufactured firearms the district court found that he possessed, because those firearms had not been in nor affected interstate commerce within the meaning of Section 922(g)(1). Begay contends that, as a result, the district court erroneously found that he unlawfully possessed a total of fourteen guns at the time of the offense and imposed a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(B).

The record is not sufficiently developed to allow us to review this claim on direct appeal. Counsel may have had reasonable strategic reasons, not reflected in the record, for failing to raise the interstate nexus objection at sentencing, *See Massaro v. United States*, 538 U.S. 500, 505 (2003) ("The trial record may contain

---

[1] Begay argues that this Court should create a third exception that would remand to the district court with directions to conduct an evidentiary hearing on a "colorable" ineffective assistance claim. But this Court is bound by its precedent, which holds that, absent these "extraordinary exceptions," ineffective assistance claims are inappropriate on direct appeal. *Liu*, 731 F.3d at 995; *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004).

no evidence of alleged errors of omission, much less the reasons underlying them."). This possibility is bolstered by the fact that counsel initially *did* set forth the interstate nexus argument in his written objections despite not raising the issue at sentencing. Further development of the record is thus necessary to determine whether the omission was a strategic choice. *Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008). Similarly, defense counsel's representation cannot be characterized as "so inadequate that it obviously" denied Begay his right to counsel. *Liu*, 731 F.3d at 995. We therefore decline to address Begay's ineffective assistance of counsel claim on direct appeal. *Id.*

Second, Begay argues that two of the supervised release conditions imposed by the district court involving substance abuse and mental health treatment are unconstitutional because they delegate to probation officers and treatment providers the discretion to impose inpatient treatment.[2] Since Begay's sentencing, we have held that supervised release conditions may not delegate to nonjudicial officers the discretion to determine the "nature or extent" of a defendant's punishment, including the discretion to order inpatient treatment. *Nishida*, 53 F.4th

---

[2] The conditions state, in relevant part: "You must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider," and "You must participate as instructed by the probation officer in a program of substance abuse treatment (outpatient and/or inpatient)."

at 1151–52. Here, as in *Nishida*, the plain language of Begay's conditions of supervised release provides nonjudicial officers with the discretion to order inpatient treatment. 53 F.4th at 1155. We therefore vacate these conditions and remand for the district court to clarify the conditions or refashion them, consistent with our decision in *Nishida*.[3]

**AFFIRMED in part; VACATED and REMANDED in part.**

---

[3] The government does not oppose a limited remand for this purpose.